UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCISCO FLORES BARRETO, VICTOR M. GLORIA, JOSE MANUEL BARRETO CORTEZ, LEONEL MUTZUTZ, GILBERTO TUC SIR, and PABLO SIPAC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>TSG 89 CORP. d/b/a MIDNIGHT EXPRESS, ARISTIDIS SANTIS, THEODORE SANTIS, and MICHAEL VASILIADIS,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiffs, by and through undersigned counsel, Sacco & Fillas, LLP, for their Complaint against Defendants, allege as follows:

## 1. NATURE OF THE ACTION

1. This is a wage-and-hour action for unpaid wages and statutory damages under the **Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.**, and the **New York Labor Law ("NYLL")**, including applicable wage orders and regulations.

2. Plaintiffs worked for Defendants as **delivery workers** at **TSG 89 Corp d/b/a Midnight Express** at **1715 2nd Avenue, New York, NY 10128**.

3. Defendants treated Plaintiffs as tipped employees and claimed a **tip credit**, as reflected on Defendants' wage statements.

4. Plaintiffs performed substantial **non-tipped work** and non-tip-producing duties—including purchasing items for the business; cleaning mats and the restaurant; washing dishes; food preparation; carrying food between the basement and the restaurant; and other errands/purchases for the business—**for more than 20% of each shift**.

5. Plaintiffs further allege Defendants unlawfully **deducted time for meal breaks that were not taken**, resulting in unpaid hours and inaccurate wage statements.

6. Plaintiffs also allege Defendants required delivery workers to purchase and maintain necessary "tools of the trade," including bicycles/e-bikes, batteries, delivery bags, hats, and maintenance—expenses which reduced Plaintiffs' net pay and were not properly reimbursed.

7. Plaintiffs bring this action on behalf of themselves and similarly situated delivery workers for unpaid wages, liquidated damages, statutory notice/statement damages, attorneys' fees, costs, and other relief.

## 2. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. This Court has supplemental jurisdiction over Plaintiffs' NYLL claims under 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as the FLSA claims.

10. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants conduct business in this District, and Plaintiffs worked for Defendants in this District, including at 1715 2nd Avenue, New York, New York.

## 3. PARTIES

### 3.1. Plaintiffs

11. **Francisco Flores Barreto** worked for Defendants as a delivery worker from approximately **December 2024 through May 2025**.

12. **Victor M. Gloria** worked for Defendants as a delivery worker from approximately **2017 through May 2025**.

13. **Jose Manuel Barreto Cortez** worked for Defendants as a delivery worker from approximately **September 2024 through July 2025**.

14. **Leonel Mutzutz** worked for Defendants as a delivery worker from approximately **November 2021 through July 31, 2025**.

15. **Gilberto Tuc Sir** worked for Defendants as a delivery worker from approximately **May 19, 2022 through July 18, 2025**.

16. **Pablo Sipac** worked for Defendants as a delivery worker from approximately **May 2024 through January 2025**.

17. Plaintiffs bring this action on behalf of themselves and all other current and former similarly situated delivery workers employed by Defendants during the relevant limitations periods.

18. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

19. In addition, Plaintiffs are "covered individuals" within the meaning of the FLSA because, upon information and belief, Plaintiffs' work regularly involved handling goods or materials that had moved in interstate commerce, and performing tasks that were part of Defendants' interstate commercial operations.

20. Upon information and belief, Defendants' business regularly used interstate instrumentalities, including interstate banking and commercial communications, and Plaintiffs' work was closely related and directly essential to those activities.

### 3.2. Defendants

21. Defendant **TSG 89 Corp.** is a New York corporation that operates **Midnight Express** at **1715 2nd Avenue, New York, NY 10128** (telephone number listed on pay records as (646) 226-6763).

22. At all relevant times, Defendant TSG 89 Corp. d/b/a Midnight Express was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

23. Upon information and belief, Defendant TSG 89 Corp. d/b/a Midnight Express has had employees engaged in commerce or in the production of goods for commerce, and has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

24. Upon information and belief, Defendant TSG 89 Corp. d/b/a Midnight Express has had an annual gross volume of sales made or business done in excess of **$500,000** during the relevant time period.

25. Defendant **Aristidis Santis** is an owner and/or operator of TSG 89 Corp. Plaintiffs allege he gave orders and had authority to set schedules and pay.

26. Defendant **Theodore Santis** is an owner and/or operator of TSG 89 Corp and is listed on the liquor license, according to Plaintiffs' information.

27. Defendant **Michael Vasiliadis** is a manager of Midnight Express and, upon information and belief, exercised operational control over employees' work.

28. Upon information and belief, the Individual Defendants had the power to hire and fire employees, set work schedules, determine rates and methods of pay, maintain employment records (including payroll and timekeeping), and supervise and control Plaintiffs' work.

29. At all relevant times, the Corporate Defendant and Individual Defendants together constituted "employers" under the FLSA and NYLL.

## 4. FACTUAL ALLEGATIONS

### 4.1. Plaintiffs' job duties and non-tipped work

30. Plaintiffs' primary title was delivery worker.

31. In addition to delivery work, Plaintiffs performed significant non-tip duties, including: purchasing bagels, fruit, soda, and beverages; cleaning mats; cleaning the restaurant; washing dishes; food preparation; moving food between the basement and the restaurant; and making purchases/errands for the business.

32. Plaintiffs performed these non-tip duties for over 20% of each shift.

33. Defendants claimed a tip credit on Plaintiffs' pay records. For example, one wage statement reflects a line item "Tip Credit" in the amount of $106.88 for the pay period 10/21/24 to 10/27/24.

**4.2. <u>Hours and unpaid time</u>**

34. Defendants maintained timekeeping practices by which Plaintiffs "did punch in and out."

35. Plaintiffs allege Defendants' wage statements and/or checks did not accurately reflect all hours worked.

36. Defendants deducted meal time even when Plaintiffs did not take meal breaks, reducing payable hours. For example:

- **Francisco Flores Barreto** alleges that during approximately December 2024 through May 2025, he worked approximately **6:00 a.m. to 3:00 p.m., four (4) days per week**, with **no breaks**, but Defendants deducted **one (1) hour per day** from his paystubs for breaks he did not take.
- **Jose Manuel Barreto Cortez** similarly alleges that during approximately September 2024 through July 2025, he worked approximately **6:00 a.m. to 3:00 p.m., four (4) to five (5) days per week**, with **no breaks**, but Defendants deducted **one (1) hour per day** from his paystubs for breaks he did not take.

- **Leonel Mutzutz** alleges that from approximately **April 2022 through July 31, 2025**, he worked approximately **6:00 a.m. to 3:00 p.m., five (5) days per week**, and while he was "supposed to get an hour break," he took only about **15–20 minutes**, yet Defendants deducted an hour from his pay.
- **Pablo Sipac** alleges that from approximately May 2024 through January 2025, he worked approximately **9:00 a.m. to 3:00 p.m., four (4) days per week**, and while his pay was deducted for a one-hour break every day, he only took that break about twice per week.
- **Gilberto Tuc Sir** likewise alleges Defendants deducted more lunch time than he actually took.

37. Defendants' practice of deducting meal periods not taken and failing to capture all compensable work time (including off-the-clock work) resulted in unpaid time and unpaid overtime premiums in workweeks where Plaintiffs worked more than forty (40) hours.

38. At various times during their employment, Plaintiffs worked more than forty (40) hours in a workweek. For example, Leonel Mutzutz performed additional weekly work for Defendants—including approximately three (3) hours per week cleaning windows—for which he was paid $40 in cash, and this additional work time was not included in his recorded hours or reflected on his paychecks.

39. By violating tip-credit work requirements and using inaccurate hours/deductions, Defendants also miscalculated overtime by relying on a reduced rate and/or incorrect recorded hours rather than the lawful regular rate and actual hours worked.

**4.3. <u>Pay rates and compensation practices</u>**

40. Plaintiffs were paid by direct deposit and received paystubs.

41. Plaintiffs' hourly rates changed over time. For example:

- Francisco Flores Barreto: **$13.35/hour in 2024** (and **$16.00** for some hours), and **$13.75/hour in 2025** (and **$16.50** for some hours).
- Victor Gloria: **$12.50/hour** in 2020–2023 (and **$20** for some overtime hours), **$13.35/hour in 2024** (and **$20** for overtime hours), and **$13.75/hour in 2025** (and **$22** for some overtime hours).
- Gilberto Tuc Sir: **$12.50/hour** for most hours in 2021–2023 and **$15.00/hour** for some hours, **$13.35/hour in 2024**, and **$13.75/hour in 2025**.

42. Pay records reflect "Regular Hours," "Overtime Hours," and "Held Tips." For example, one paystub for the pay period **10/21/24 to 10/27/24** reflects **40.00** regular hours at **$13.35** and **0.33** overtime hours at **$21.35**, as well as "Held Tips" of **$250.06**.

43. Plaintiffs allege Defendants failed to pay all wages due, including because Defendants claimed a tip credit while Plaintiffs performed more than 20% non-tip duties per shift, improperly calculated overtime rates, and because Defendants deducted unpaid time for meal breaks not taken.

### 4.4. Tools of the trade and unreimbursed expenses

44. Plaintiffs allege Defendants required delivery workers to purchase and maintain essential tools and equipment for their job, including bicycles/e-bikes, batteries, delivery bags, hats, and maintenance/supplies.

45. By way of example:

- Francisco Flores Barreto: delivery bag ($80), hat ($35), and approximately $800 for bike maintenance.
- Victor Gloria: electric bike ($1,000) and a battery ($600).
- Jose Manuel Barreto Cortez: delivery bag ($80), hat ($30), bike battery ($600), and bike supplies ($50).

- Gilberto Tuc Sir: bicycle ($1,600) and about $25 per month for maintenance. Pablo Sipac: bicycle ($1,800) and delivery bag ($100).

46. Plaintiffs allege these job-required expenses reduced their wages and should have been reimbursed and/or accounted for as required by law.

47. These expenses were required for Plaintiffs to perform delivery work for Defendants, were incurred primarily for Defendants' benefit, and reduced Plaintiffs' net wages.

**4.5. <u>Wage notice and wage statement failures</u>**

48. Plaintiffs allege Defendants failed to provide **wage notices** as required by NYLL § 195(1).

49. Plaintiffs allege Defendants provided **inaccurate wage statements**, including because statements did not reflect correct hours worked (including meal deductions and off-the-clock time), and reflected tip credit practices that were not lawful under the circumstances alleged.

50. Plaintiffs relied on Defendants' wage statements and wage information to understand their rates of pay, tip-credit practices, hours worked, deductions taken (including meal deductions), and whether they were being paid correctly.

51. As a result of Defendants' failure to provide wage notices and/or to provide accurate wage statements with each payment of wages, Plaintiffs were prevented from: (i) comparing their rate(s) of pay to their hours worked; (ii) realizing promptly that they were underpaid (including due to unlawful meal deductions, tip-credit practices, and unreimbursed job expenses); and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due.

52. Plaintiffs plausibly would have undertaken such advocacy and sought correction of their pay practices during their employment had Defendants provided the wage notices and accurate wage statements required by law—particularly as to the hours and deductions reflected, their

applicable regular rate(s), and Defendants' use of a tip credit—and thereby would have avoided some of the wage underpayments and/or obtained payment of wages due sooner.

53. Defendants' failure to provide compliant wage notices and accurate wage statements was done willfully to disguise the actual number of hours Plaintiffs worked and to avoid paying Plaintiffs properly for all hours worked, including overtime premiums in weeks where applicable.

54. These notice and statement failures caused concrete and particularized injuries causally connected to Defendants' conduct, including the continuation of wage underpayment for longer than would have occurred had Plaintiffs been able to promptly identify and contest the discrepancies.

## 5. FLSA COLLECTIVE ACTION ALLEGATIONS

55. Plaintiffs bring their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of: **All current and former delivery workers employed by Defendants within the three (3) years preceding the filing of this action through the entry of judgment (the "FLSA Collective").**

56. Plaintiffs and the FLSA Collective members were similarly situated in that they were subject to common policies and practices including: (i) taking a tip credit despite delivery workers performing non-tipped work exceeding 20% of the shift; (ii) time deductions for meal breaks not taken; and (iii) recordkeeping practices that failed to capture all hours worked.

57. Plaintiffs will seek Court-authorized notice to the FLSA Collective.

## 6. RULE 23 CLASS ALLEGATIONS (NYLL)

58. Plaintiffs bring their NYLL claims as a class action pursuant to Rule 23 on behalf of: **All current and former delivery workers employed by Defendants within the six (6) years preceding the filing of this action through the entry of judgment (the "NYLL Class").**

59. Numerosity, commonality, typicality, adequacy, predominance, and superiority are satisfied because Defendants' challenged pay practices (tip credit/non-tipped work, meal deductions, failure to provide compliant wage notices and statements, and job-related expense practices) were applied generally to delivery workers.

## 7. CAUSES OF ACTION

### 7.1. FLSA – Unpaid Overtime Wages

60. Plaintiffs repeat and reallege all prior paragraphs.

61. The FLSA requires overtime compensation at one and one-half times the regular rate for all hours worked over forty (40) in a workweek.

62. Plaintiffs allege Defendants failed to record and pay all hours worked, including because Defendants deducted meal time even when breaks were not taken.

63. Plaintiffs and similarly situated employees worked in excess of forty (40) hours in at least some workweeks, and Defendants failed to pay the required overtime premium on all overtime hours worked due to time shaving, off-the-clock work, and inaccurate time records.

64. Defendants' violations were willful.

65. Plaintiffs and the FLSA Collective are entitled to unpaid overtime, liquidated damages, attorneys' fees, and costs.

### 7.2. NYLL – Unpaid Minimum Wages

66. Plaintiffs repeat and reallege all prior paragraphs.

67. The NYLL requires payment of at least the applicable New York minimum wage for all hours worked, subject to strict requirements for any tip credit.

68. The NYLL requires that employers provide each employee with a tip credit notice before withholding a tip credit.

69. Plaintiffs were not provided a written and lawful tip credit notice before Defendants withheld tip credits from their wages.

70. Plaintiffs performed non-tipped work for over 20% of each shift.

71. Because Plaintiffs spent more than 20% of their shifts performing non-tipped work, Defendants were not permitted to take a tip credit for those hours.

72. Defendants' pay records reflect a claimed "Tip Credit."

73. Plaintiffs also incurred job-related expenses required to perform delivery work, including bicycles, batteries, delivery bags, hats, and maintenance.

74. Defendants' tip-credit practices and failure to properly account for required job expenses reduced Plaintiffs' wages, and Defendants failed to pay lawful minimum wages under the NYLL.

75. Plaintiffs and the NYLL Class are entitled to unpaid wages, liquidated damages, statutory damages, interest, attorneys' fees, and costs.

**7.3. <u>NYLL – Unpaid Overtime Wages</u>**

76. Plaintiffs repeat and reallege all prior paragraphs.

77. Under NYLL and implementing regulations, employers must pay one and one-half times the regular rate for hours worked over forty (40) in a workweek.

78. Plaintiffs allege Defendants' time and pay records failed to capture and pay all hours worked, including but not limited to due to meal deductions not taken and other inaccuracies such a improper tip credit withholding, resulting in unpaid overtime where applicable.

79. Defendants willfully violated the NYLL.

80. Plaintiffs and the NYLL Class are entitled to overtime wages, liquidated damages, interest, attorneys' fees, and costs.

### 7.4. <u>NYLL § 195(1) – Wage Theft Prevention Act – Wage Notice Violations</u>

81. Plaintiffs repeat and reallege all prior paragraphs.

82. NYLL § 195(1) requires employers to provide employees with a wage notice at hire and upon changes in pay rate, containing required information.

83. Plaintiffs allege Defendants did not provide wage notices.

84. As a direct result of Defendants' failure to provide wage notices at hire and upon pay changes, Plaintiffs lacked accurate, required information about their pay rates and Defendants' pay practices, which prevented Plaintiffs from promptly identifying discrepancies and advocating for correction, causing concrete injury and allowing wage underpayments to persist longer than they otherwise would have.

85. Plaintiffs and the NYLL Class are entitled to statutory damages, attorneys' fees, and costs pursuant to NYLL § 198.

### 7.5. <u>NYLL § 195(3) – Wage Theft Prevention Act – Wage Statement Violations</u>

86. Plaintiffs repeat and reallege all prior paragraphs.

87. NYLL § 195(3) requires employers to furnish accurate wage statements with each payment of wages, including required wage and hour information.

88. Plaintiffs allege Defendants' wage statements were inaccurate, including because they did not reflect correct hours worked due to break deductions and other inaccuracies.

89. As a direct result of Defendants' inaccurate wage statements, including statements that failed to accurately reflect hours worked and deductions taken, Plaintiffs were unable to verify that they were paid correctly, were delayed in identifying underpayment, and were impeded in advocating for themselves—concrete harms causally connected to Defendants' conduct that allowed wage underpayments to persist longer than they otherwise would have.

90. Plaintiffs and the NYLL Class are entitled to statutory damages, attorneys' fees, and costs pursuant to NYLL § 198.

## 8. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the NYLL Class, respectfully request that the Court:

1. Certify this action as a collective action under 29 U.S.C. § 216(b) and authorize prompt notice to similarly situated delivery workers;
2. Certify the NYLL Class under Rule 23;
3. Declare that Defendants violated the FLSA and NYLL as alleged;
4. Award Plaintiffs, the FLSA Collective, and the NYLL Class unpaid minimum wages and unpaid overtime wages (as applicable);
5. Award statutory damages for wage notice and wage statement violations;
6. Award liquidated damages under the FLSA and NYLL;
7. Award pre-judgment and post-judgment interest (where applicable);
8. Award reasonable attorneys' fees and costs; and
9. Grant such other and further relief as the Court deems just and proper.

Dated: February 13, 2026

Signed,

By: */s/ Clifford Tucker*

Clifford Tucker, Esq.
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102
718-269-2243
CTucker@SaccoFillas.com

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER**

**LIABILITY FOR SERVICES RENDERED**

TO: ARISTIDIS SANTIS, THEODORE SANTIS, and MICHAEL VASILIADIS

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiff and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of TSG 89 CORP for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York
February 13, 2026

SACCO & FILLAS LLP

By: */s/ Clifford Tucker*
Clifford Tucker, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-679-9660
ctucker@saccofillas.com
*Attorneys for Plaintiff*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: TSG 89 CORP.

PLEASE TAKE NOTICE, that Plaintiff and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York
February 13, 2026

SACCO & FILLAS LLP

By: *__/s/ Clifford Tucker__*

Clifford Tucker, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-679-9660
ctucker@saccofillas.com
*Attorneys for Plaintiff*

**CONSENT TO JOIN ACTION**

**REQUEST TO BECOME A PARTY-PLAINTIFF**

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: Francisco Flores

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: Francisco Flores Barreto (Jul 3, 2025 13:34 EDT) Date: June 30, 2025

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: Victor Gloria

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: ______________ Date: July 3, 2025

**CONSENT TO JOIN ACTION**

**REQUEST TO BECOME A PARTY-PLAINTIFF**

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: Jose Manuel Barreto Cortez

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: Jose Manuel Barreto Cortez (Jun 30, 2025 14:02 EDT) Date: June 30, 2025

# CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: Leonel Mutzutz Xicay

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: Leonel Mutzutz Xicay (Jun 30, 2025 16:04 EDT)     Date: June 30, 2025

**CONSENT TO JOIN ACTION**

**REQUEST TO BECOME A PARTY-PLAINTIFF**

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: Gilberto Sir

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: gilberto tuc sir
gilberto tuc sir (Jun 30, 2025 14:22 EDT)

Date: June 30, 2025

**CONSENT TO JOIN ACTION**

**REQUEST TO BECOME A PARTY-PLAINTIFF**

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: Pablo Sipac

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: Pablo Geraldy Sipac Batz (Jun 30, 2025 17:41 EDT) Date: June 30, 2025